1
2
3
4
5                                              JS-6
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11  EMIRO CUELLAR,                      │  Case No. 2:22-cv-01359-SPG-MAA
12                       Plaintiff,     │  **ORDER GRANTING DEFENDANTS'**
13            v.                        │  **MOTION TO DISMISS [ECF NO. 47]**
14  SEIU-USWW, et al.,
15                       Defendants.
16
17

18          Before the Court is Defendant Service Employees International Union—United
19  Service Workers West's ("SEIU") Motion to Dismiss Plaintiff's first amended complaint.
20  (ECF No. 47). Having considered the parties' submissions, the relevant law, and the record
21  in this case, the Court finds that the matter is suitable for resolution without oral argument.
22  *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. The Motion has
23  been taken under submission, and, for the reasons stated below, the Court **GRANTS**
24  Defendant's Motion to Dismiss.
25
26
27
28

## I.   BACKGROUND

Plaintiff commenced this case on February 28, 2022, alleging seven causes of action against SEIU, David Huerta, Anton Farmby, Sanjay Garla, Vu Nguyen, and Andrew Gross-Gaitan (collectively, without SEIU, the "Individual Defendants"). (ECF No. 1). On May 19, 2022, Defendants moved to dismiss the complaint. (ECF No. 15). After the matter was subsequently transferred to this Court, on October 4, 2022, the Court granted Defendants' motion, dismissing with prejudice Plaintiff's first, third, and seventh claims alleging discrimination based on race, unequal employment opportunities, and intentional infliction of emotional distress, respectively. The Court also dismissed with prejudice Plaintiff's first through fourth claims, to the extent that they were asserted against the Individual Defendants. The Court dismissed Plaintiff's second and fourth through sixth claims without prejudice. (ECF No. 40 ("Order") at 17-18).

On November 8, 2022, Plaintiff filed the operative first amended complaint ("FAC"). (ECF No. 46). On November 22, 2022, Defendant SEIU moved to dismiss the FAC pursuant to Rule 12(b)(6). (ECF No. 47). Plaintiff opposed on January 11, 2023, (ECF No. 50), and Defendant replied on January 18, 2023. (ECF No. 51).

## II.   LEGAL STANDARD

The Court's prior Order set forth the appropriate legal standards governing motions to dismiss under Rule 12(b)(6), which need not be repeated here. *See* (Order at 4-5).

## III.   DISCUSSION

Defendant argues that Plaintiff's FAC should be dismissed because the statutes of limitations have run on most of Plaintiff's allegations, the Court already dismissed Plaintiff's causes of action for failure to state a claim, and the FAC does not allege any new facts to cure the deficiencies.[1] The Court addresses each of these arguments in turn.

---

[1] Defendant also argues again that Plaintiff failed to exhaust the necessary administrative remedies for certain of his allegations. (Mot. at 12-15). The Court already held that Plaintiff failed to exhaust his administrative remedies with respect to his claim for race discrimination and allegation that Defendant wrongfully failed to promote Plaintiff. (Order at 6-9). In his opposition, Plaintiff appears to dispute the veracity of his Charge, arguing

### A.    Statutes of Limitation

"Accrual is the date on which the statute of limitations begins to run." *Lukovsky v. City and Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008). "Under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)). Under California state law, a claim accrues "at the moment when the party alleging injury is entitled to begin and prosecute an action thereon." *Pollock v. Tri-Modal Distrib. Servs., Inc.*, 11 Cal. 5th 918, 931 (2021).

Before suing for discrimination under the ADEA or Title VII, a plaintiff must have filed a charge with the EEOC within 300 days after the alleged unlawful conduct. 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)(1). Courts treat this time-to-file requirement as a statute of limitations. *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990) (Title VII); *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 674-75 (9th Cir. 1988) (ADEA).

Before suing for discrimination under the FEHA, a plaintiff must file a complaint with the California DFEH or the EEOC. Prior to January 1, 2020, the FEHA "provided that no administrative complaint alleging a violation of its provisions could be filed with the DFEH 'after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred.'" *Pollock*, 11 Cal. 5th at 931 (citing former Cal. Gov't § 12960(d)). Effective January 1, 2020, California amended the law by changing the one-year limitations period to three-years. Cal. Gov't Code § 12960(e)(3); *see Pollock*, 11 Cal. 5th at 931 ("The current statute uses virtually identical language but allows for a period of three years."). However, California Assembly Bill No. 9 expressly prohibited retroactive application of the newly enlarged limitations period. *See* A.B. No. 9 § 3, 2019-20 Sess. (Cal. 2019) ("This act shall not be interpreted to revive lapsed claims."); Cal.

---

that his Equal Employment Opportunity Commission representative excluded certain of his allegations. (Opp. at 5-7). However, because the Court finds that Plaintiff's claims fail for reasons independent of whether he has exhausted his administrative remedies, the Court need not reach Defendant's exhaustion argument here.

Gov't Code § 12960(f)(3) (noting that tolling provision "is not intended to revise claims that have already lapsed"). "Accordingly, the former one-year statute of limitations applies to any FEHA claim that accrued more than one year before January 1, 2020 (or on or before December 31, 2018), while the current three-year period applies to any FEHA claim that accrued less than one year prior to, or after, January 1, 2020 (or on or after January 1, 2019)." *Gillespie v. Centerra Servs. Int'l, Inc.*, No. EDCV 21-2028 JGB (SHKx), 2022 WL 16964007, at *8 (C.D. Cal. Sept. 7, 2022).

Here, Plaintiff cross-filed the Charge on April 27, 2021. (FAC ¶ 31). Therefore, as the Court previously held, any conduct before July 1, 2020 (300 days), is barred by the statute of limitations under Title VII and the ADEA. Further, any conduct before December 31,[2] 2018, is barred by the statute of limitations under the FEHA. In the FAC, Plaintiff acknowledges that he includes facts that fall "beyond the scope of the limitations of legal procedure" but does so only for context. (FAC ¶ 6). Nevertheless, the Court declines to consider those allegations that fall outside the limitations period outlined above.[3]

### B.    Sufficiency of the Allegations

#### 1.    Discrimination Based on National Origin

The Court previously found that Plaintiff's original complaint failed to allege he experienced an adverse employment action, which is a required element under both Title

---

[2] In its prior Order, the Court inadvertently stated that April 27, 2018, was the 3-year cutoff for Plaintiff's claims under the FEHA. (Order at 10).

[3] Although neither party raises this argument, in light of Plaintiff's status as a *pro se* litigant, the Court also notes the inapplicability of the "continuing violation doctrine." That doctrine generally enables plaintiffs to rely on allegations that may have occurred prior to a statute of limitations period. *See, e.g.*, *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1056-57 (2005). However, the California Supreme Court has held that for the doctrine to apply in the context of a discrimination or retaliation claim, the plaintiff must establish a "temporally related and continuous course of conduct." *Id.* at 1058. Here, Plaintiff's sporadic allegations over the course of several years demonstrate neither a retaliatory nor discriminatory continuous course of conduct. Accordingly, the Court declines to consider allegations of misconduct outside the relevant statutes of limitations.

VII and the FEHA.  *See* (Order at 19 (citing *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007)).  To qualify as an "adverse employment action," the action must be both substantial and detrimental such that it "materially affects the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks); *Horsford v. Bd. of Tr. of Cal. State Univ.*, 132 Cal. App. 4th 359 (2005).  "Minor or relatively trivial adverse actions or conduct by employers or fellow employees that, from an objective perspective, are reasonably likely to do no more than anger or upset an employee . . . are not actionable." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1054 (2005).  "[A] mere offensive utterance or even a pattern of social slights by either the employer or coemployees cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment." *Id.*; *see also Akers v. Cnty. of San Diego*, 95 Cal. App. 4th 1441, 1455 (2002) ("A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient.").  "Workplaces are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." *McRae v. Dep't of Corr. & Rehab.*, 142 Cal. App. 4th 377, 386 (2006) (internal quotation marks and alterations omitted).  This requirement for a plaintiff to show a substantial adverse employment action "guards against both judicial micromanagement of business practices and frivolous suits over insignificant slights." *Id.* (internal quotation marks omitted).

In its prior Order, the Court dismissed Plaintiff's national origin discrimination claims because he failed to allege any adverse employment action.  *See* (Order at 19-20).  The Court explained that "Plaintiff does not allege that his compensation or other terms of employment were impacted by Defendants' failure to provide accommodations to take English classes." (*Id.*).  Plaintiff was, and still is, employed by SEIU. (*Id.*).  And Plaintiff failed to allege how Defendant assigning him to "logistics tasks" materially affected his employment. (*Id.* at 20).  Here, based on a liberal interpretation of the FAC, the Court

again finds that Plaintiff has not experienced an adverse employment action. The FAC adds no new allegations regarding any action that materially affected Plaintiff's compensation, terms, conditions, or privileges of employment. Therefore, because the FAC contains the same defect—with no added facts addressing the deficiency—the Court dismisses Plaintiff's first cause of action with prejudice, given that granting leave to amend would be futile. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373-74 (9th Cir. 1990) (affirming district court's dismissal and denying plaintiff leave to amend second amended complaint where further amendment would be futile).[4]

### 2.    Discrimination Based on Age

The Court previously dismissed Plaintiff's age discrimination claim because his "sole allegation related to age discrimination" was time-barred. (Order at 20). In the FAC Plaintiff has neither raised new timely allegations nor otherwise cured this deficiency in the pleadings. Accordingly, the Court dismisses Plaintiff's third cause of action with prejudice because any amendment of this claim would be futile.

### 3.    Retaliation

The Court previously dismissed Plaintiff's retaliation claim because he failed to allege an adverse employment action. (Order at 21). As explained above, Plaintiff has not cured that deficiency in the FAC. Accordingly, Plaintiff's fourth cause of action is dismissed with prejudice. *See Allen*, 911 F.2d at 373-74.

### 4.    Failure to Prevent Harassment and Retaliation

As explained above, Plaintiff still has not sufficiently alleged a claim of discrimination or retaliation. Accordingly, Plaintiff fails to state a claim against Defendants for failure to prevent harassment and retaliation. Plaintiff's sixth cause of action is dismissed without leave to amend. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion

---

[4] The Court previously dismissed Plaintiff's cause of action for discrimination based on unequal employment opportunities with prejudice due to his failure to exhaust administrative remedies. (Order at 20).

where the pleadings before the court demonstrate that further amendment would be futile.").

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss the FAC in its entirety with prejudice.

DATED:  January 31, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE